UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES V. KELLY; CRESCENT BAR CONDOMINIUM MASTER ASSOC., et al., <br><br>Plaintiffs, <br><br>HARLEY D. O'NEIL, JR., AND MICHELE D. O'NEIL; AND ESTATE OF ELAINE O'NEIL, <br><br>Intervenor Plaintiffs, <br><br>vs. <br><br>PUBLIC UTILITY DISTRICT NO. 2., et al., <br><br>Defendants. | NO. CV-11-023-JLQ <br><br>**ORDER DENYING MOTION FOR ORDER OF SUBSTITUTION** |

BEFORE THE COURT is the Estate of Elaine O'Neil's Motion for Order Substituting Intervenor Plaintiffs Harley D. O'Neil, Jr. and Michele D. O'Neil (ECF No. 458) as real parties in interest as to all claims associated with North Park Lot 134.

## I. BACKGROUND

On April 25th, 2013, Harley and Michele O'Neil (the O'Neils), and the Estate of Elaine O'Neil (the Estate) moved to intervene in this litigation based upon the contention that the O'Neils and the Estate were members of the Plaintiff Crescent Bar Recreational Vehicle Home Owners' Association and "lease and occupy real property on Crescent Bar Island" in the part commonly known as "North Park." (ECF No. 425). The court granted the intervention and the Intervenor Complaint alleges that the individual O'Neils lease and occupy Lot 127 and that the Estate owns a leasehold interest

ORDER - 1

in Lot 134 as well as recreational home and improvements on the lot. (ECF No. 446 at 2).

After filing the Intervenor Complaint, the attorney for all three parties, Robert G. Dodge, moved to withdraw and to allow the Intervenor Plaintiffs to appear pro se. The court granted the motion except as to the Estate, which the court concluded could not appear pro se under LR 83.6. (ECF No. 455).

In the Motion now before the court, the Estate has filed:

1. A certified copy of an instrument entitled "Quit Claim Deed" of Harley D. O'Neil, Jr., as the Personal Representative of the Estate of Elaine O'Neil, purporting to "convey[] and quit claim" "the following described real estate...together with all after acquired *title* of the grantor...": "Lot 134...together with that certain 1982 Alfa travel trailer...located on said premises" to himself, Harley D. O'Neil Jr. "as his separate estate"; and

2. A certified copy of a "Quit Claim Deed" of Harley D. O'Neil, Jr. purporting to convey the real estate "together with all after acquired title" in Lot 134 along with the travel trailer to the marital property of Harley D. and Michele D. O'Neil.

Both Quit Claim Deeds were signed on April 23, 2013, two days *prior* to the filing of the Motion to Intervene, although they were not recorded in Grant County until May 2, 2013.

Based upon these Quit Claim Deeds, the Estate's Motion seeks the substitution of Michele D. and Harley D. O'Neil as the "as the real parties in interest as to all claims associated with North Park Lot 134," the dismissal of the Estate as a party, and termination of Robert Dodge as attorney of record for any party in the case. (ECF No. 458).

## II. DISCUSSION

Although the Estate's Motion does not specify a procedural rule, Federal Rule of Civil Procedure 17(a) provides that "[a]n action must be prosecuted in the name of the real party in interest." The rule allows the real party in interest to be substituted.

ORDER - 2

Fed.R.Civ.P. 17(a)(3). After suit is brought, Rule 25(c) becomes the relevant provision, which Rule provides: "If an interest is transferred the action may be continued by or against the original party unless the court on motion, orders the transferee to be substituted in the action or joined with the original party." The decision to substitute parties is left to the discretion of the court and is generally liberally allowed when an honest mistake has been made or the change is merely to correct a misnomer.

The change proposed by the Estate is not a mere correction of a misnomer. The Estate's Motion purports to claim that its interest in this lawsuit was transferred just prior to the filing of the Intervenor Complaint. However, the record does not evidence that such a transfer/ assignment has allegedly occurred. The Estate bases its claims in the Intervenor Complaint upon an alleged *leasehold* interest in Lot 134. (ECF No. 448 at 1, ¶ B). The Quit Claim Deeds purports to convey *title* in Lot 134 and does not mention a leasehold interest. Even assuming the Quit Claim Deeds effectively transferred the Estate's interest in Lot 134 and title to the trailer, it remains unclear who owns the *causes of action* pursued in the Intervenor Complaint. There has been no discussion of or declaration as to whether the claims were ever assigned by the decedent or her Estate; nor is there any discussion of the possibly relevant questions of when any of the Estate's claims accrued and if they accrued prior to death, whether they succeed the decedent's death.

Without further development of the record, the court has no basis to conclude the Estate's *causes of action* pursued in the Intervenor Complaint have been transferred to Michele and Harley O'Neil. Accordingly, the Estate of Elaine O'Neil's Motion for Order of Substitution (ECF No. 458) is **DENIED**, with leave to renew.

The Clerk is hereby directed to enter this Order and furnish copies of this Order to counsel and the *pro se* Intervenor Plaintiffs.

DATED this 17th day of October, 2013.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 3